UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

ALONZO CHAPPELL,                    )
                                    )          Civil No. 11-94-GFVT
        Petitioner,                 )
                                    )
v.                                  )
                                    )       **MEMORANDUM OPINION**
KAREN F. HOGSTEN, Warden,           )              **AND ORDER**
                                    )
        Respondent.                 )

***** ***** ***** *****

Petitioner Alonzo Chappell, an inmate in the custody of the Federal Bureau of Prisons ("BOP"), is currently confined in the Federal Correctional Institution in Manchester, Kentucky ("FCI-Manchester"). Chappell has submitted a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and he has supplemented his petition with documentation showing that he has exhausted his administrative remedies available through the BOP. Chappell challenges the amount of jail time credit the BOP has given him on his federal sentence. [R. 2.]

The Court reviews Chappell's § 2241 petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing 28 U.S.C. § 2254 Cases (applicable to § 2241 petitions under Rule 1(b)). *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *see also* 28 U.S.C. § 2243. The Court may summarily dismiss a petition if it appears from its face that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; *Blevins v. Lamanna*, 23 F. App'x 216, 218 (6th Cir. 2001); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

# I.

As grounds for his § 2241 petition, Chappell asserts that (1) the BOP improperly denied him sentencing credit on his federal sentence from the date it was imposed, and (2) the BOP improperly failed to give him sentencing credit for his time spent in FCI-Manchester before he was transferred back to the Kentucky Department of Corrections ("KDOC") for continued service of a state sentence. As a result of these two alleged errors in his sentence computation, Chappell claims that the BOP has mistakenly calculated his maximum release date to be September 3, 2013, when, according to Chappell, his maximum prison term expired in May of 2009.

Chappell requests that the BOP designate the KDOC *nunc pro tunc* as the place of service of his federal sentence for the period of time from July 3, 2000, through November 4, 2004. Given his claim that his federal sentence expired in May of 2009, he claims that he is presently in custody in violation of the due process clause of the United States Constitution and in violation of 18 U.S.C. § 3585(a) and (b). Chappell seeks immediate release from custody.

In sum, this action concerns (1) the interplay of federal and state sentences, (2) determining when one is in federal custody and/or state custody, (3) the interplay of concurrent federal and state sentences, as well as determining when a consecutive federal sentence begins to run, and (4) BOP Program Statement 5880.28 ("PS 5880.28). Upon review of this matter, the Court concludes that Chappell is not entitled to any additional jail time credit. For the reasons set forth below, the Court will dismiss his § 2241 petition.

## II.

In order to determine whether the BOP's calculation of Chappell's jail time credit is correct, a brief summary of Chappell's state and federal convictions and the respective sentences he has received and served is necessary.

**December 6, 1999 -** Chappell is arrested by Kentucky state authorities and charged in Jefferson Circuit Court in Louisville, Kentucky, with two counts of criminal possession of a forged instrument and with a probation violation.

**January 2, 2000 -** Kentucky authorities move to revoke Chappell's probation from a previous ten-year state sentence for first-degree robbery.

**January 3, 2000 -** A federal indictment is returned against Chappell in the United States District Court for the Western District of Kentucky, Louisville Division, charging that on October 6, 1999, he committed the offenses of bank robbery, and aiding and abetting bank robbery, in violation of 18 U.S.C. §§ 2113(a)(1) and (2), and use of a firearm during a crime of violence, and aiding and abetting that crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2). *See United States v. Alonzo Chappell,* No. 3:00-CR-1-J (W.D. Ky).

**January 18, 2000 -** Chappell is taken into federal custody pursuant to a writ of habeas corpus ad prosequendum for his initial appearance and arraignment on the charges in the federal indictment. Chappell pleads not guilty to these charges and is scheduled for trial on March 28, 2000. Prior to trial, however, Chappell enters into a plea agreement with the United States. On March 28, 2000, Chappell pleads guilty to Counts 1 and 3 of the indictment.

**July 3, 2000 -** Chappell is sentenced on the federal charges. He receives a 46-month sentence on Count 1 and a consecutive 60-month sentence on Count 3, for a total sentence of 106 months, to be followed by a five-year term of supervised release. The Judgment and Commitment Order ("J&C Order") is silent regarding whether this sentence is to run concurrently with or consecutively to the impending state sentence. Following sentencing, Chappell is returned to state custody.

**July 3, 2000 -** The Jefferson Circuit Court revokes Chappell's probation and reimposes the original ten-year sentence for the prior bank robbery conviction in Criminal Case. No. 97-CR-1725. Chappell also pleads guilty to the state charge of criminal possession of a forged instrument and is sentenced to one year in jail. Both state court judgments order Chappell's sentences to be served concurrently with his federal sentence.

**October 15, 2000 -** The Kentucky Department of Corrections ("KDOC") releases Chappell to the United States Marshal pursuant to the federal detainer for service of his federal sentence, and he is transferred to FCI-Manchester.

**December 15, 2000 -** The BOP determines that the KDOC prematurely released Chappell to federal authorities because he had not completed service of his state sentences. Chappell is returned to the KDOC for continued service of his state sentences on February 7, 2001. The United States Marshal files a detainer against Chappell for his return to federal custody to serve his 106-month federal sentence upon completion of his state sentences.

**November 4, 2004 -** Chappell completes service of his state sentences and is taken into federal custody for service of his federal sentence.

### III.

### A.

The concept of primary custodial jurisdiction is grounded in *Ponzi v. Fessenden*, 258 U.S. 254, 262 (1922). In *Ponzi*, the Supreme Court held that the question of which sovereign exercises custodial jurisdiction over an individual charged with crimes against two sovereigns is a matter of comity between the two sovereigns. It is well-settled that primary custodial jurisdiction remains vested in the sovereign that firsts arrests the defendant until that sovereign relinquishes its priority over the defendant. *See Thomas v. Whalen*, 962 F.2d 358, 361 (4th Cir. 1992); *Roche v. Sizer*, 675 F.2d 507, 509-510 (2d Cir. 1982). Courts have uniformly held that primary custody remains with the sovereign that initially arrested a prisoner, even when the prisoner is taken elsewhere by federal authorities pursuant to a writ of habeas corpus *ad prosequendum*. *See United States v. Evans*, 159 F.3d 908, 911 (4th Cir. 1998); *see also United States v. Insley*, 927 F.2d 185, 186-87 (4th Cir. 1991); *Huffman v. Perez*, 2000 WL1478368 (E.D. Ky. Sept. 27, 2000).

In the present action, while Chappell was in the primary custody of Kentucky, he was "borrowed" pursuant to a writ of habeas corpus *ad prosequendum* by the United States Marshal

for purposes of appearing in federal court on various proceedings related to the federal charges. As noted above, however, the temporary removal or transfer of a prisoner from state custody to federal authorities in compliance with a writ of habeas corpus *ad prosequendum* does not operate to transfer primary custodial jurisdiction from the state to federal authorities. In short, such a transfer does not alter the fact that the prisoner remains in the primary custody of the state. *See, e.g., Easley v. Stepp*, 5 F. App'x 541 (7th Cir. 2001).

Generally, primary jurisdiction can be relinquished by operation of law, such as bail release, dismissal of the state charges, parole release, or expiration of the state sentence. *Taylor v. Reno*, 164 F.3d 440 (9th Cir. 1998); *Chambers v. Holland*, 920 F. Supp. 618, 622 (M.D. Pa. 1996). Primary jurisdiction may also be relinquished by the mutual agreement of the two custodial jurisdictions. *United States v. McCrary*, 220 F.3d 868 (8th Cir. 2000); *Poland v. Stewart*, 117 F.3d 1094, 1098 (9th Cir. 1997). Thus, the sovereign with primary jurisdiction may elect under the doctrine of comity to relinquish its jurisdiction to another sovereign. This discretionary election is an executive function of the two sovereigns. *Poland*, 117 F.3d at 1098. In Chappell's case, Kentucky did not relinquish its primary custodial jurisdiction over him to the United States.

**B.**

As pointed out in BOP PS 5880.28, prior custody credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides that:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>
> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

Thus, pursuant to the foregoing statute, a defendant is only entitled to credit for time "that has not been credited against another sentence." In essence, Section 3585(b) prohibits awarding dual credit on a federal sentence. Under the statute, the Attorney General, through the BOP, is authorized to grant credit for any presentence detention to a prisoner. *See, e.g., United States v. Wilson*, 503 U.S. 329, 333-35 (1992). However, a federal inmate is not entitled to any credit for time attributed to a state sentence. *Wilson*, 503 U.S. at 337 (1992); *Nguyen v. Department of Justice*, 1999 WL 96740 (6th Cir. Feb. 3, 1999) (time spent in federal custody pursuant to a writ of habeas corpus ad prosequendum, while serving a state sentence, cannot be applied to a federal sentence because the time has been credited to the state sentence). The Sixth Circuit has consistently held that if a prisoner receives credit towards his state sentence for time spent in detention, he may not also receive prior custody credit for this same time toward his federal sentence. *See, e.g., Huffman*, 230 F.3d at 1358; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir. 1993); *Garrett v. Snyder*, 42 F. App'x 756 (6th Cir. 2002).

Because Chappell has already received credit toward his state sentence from July 3, 2000, through November 4, 2004, he may not receive credit for the same period of time toward his federal sentence. Any further benefit would result in improper "double crediting" in violation of 18 U.S.C. § 3585(b). Thus, no further custody credit is warranted. *See Broadwater v. Sanders*, 59 F. App'x 112, 114 (6th Cir. 2003) ("Because Broadwater received credit toward his state

sentence for the time period in question, he may not receive credit for the time toward his current federal sentence.").

## C.

Title 18 U.S.C. § 3584(a) states, in pertinent part, that "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." Further, the Sixth Circuit has held that the district court is without power to impose a sentence consecutively to a not-yet-imposed state sentence. *United States v. Quintero*, 157 F.3d 1038, 1039-41 (6th Cir. 1998).

Subsequent to his arrest and detention by Kentucky state authorities on December 6, 1999, Chappell was sentenced by the federal district court on July 3, 2000. At this time, he was in the custody of the state of Kentucky. The federal court was silent on the issue of concurrent or consecutive sentences. Thus, pursuant to 18 U.S.C. § 3584, the federal sentence imposed on July 3, 2000, was a consecutive sentence. It did not begin to run on July 3, 2000, the date it was imposed, and would never have begun to run so long as Chappell remained in state custody.

Chappell was also sentenced in state court on July 3, 2000. The Kentucky state court revoked his probation and reimposed the original ten-year sentence for the prior bank robbery conviction. Further, after Chappell pled guilty to the state charge of criminal possession of a forged instrument, he received an additional one-year sentence. Both state court judgments ordered Chappell's sentences to be served concurrently with his federal sentence. Chappell remained in state custody at the conclusion of his sentencing in state court.

Regardless of the fact that the Kentucky state court judgments in Chappell's state cases each ordered the state sentences to run concurrently with his federal sentence, Chappell's federal sentence was, in fact, a consecutive sentence imposed while Chappell was in state custody. The

federal sentence had not yet begun to run on July 3, 2000, because he was still in state custody on that date. The fact that the Kentucky state court directed Chappell's state sentences to run concurrently with his federal sentence has no impact on Chappell's federal sentence, since the Kentucky state court had no authority to commence Chappell's service of his federal sentence.

In short, the July 3, 2000 federal sentence remained consecutive to the July 3, 2000 state sentence, as the state court's direction otherwise is not binding on either the federal courts or the BOP. *See Gourley v. Wilson*, 2009 WL 2448502 (E.D. Ky. Aug. 10, 2009) (citing *Barden v. Keohane*, 921 F.2d 476, 478 n. 4 (3d Cir. 1990)). *See also Banks v. Wilson*, 2009 WL 5125282, at *4 (E.D. Ky. Dec. 17, 2009) (Petitioner's "state sentence was ordered to run concurrently. His federal sentence was not ordered to run concurrently. . . . Therefore, 18 U.S.C. § 3585(a) controls for the federal sentence to run consecutively."); *United States v. Allen*, 124 F. App'x 719 (3d Cir. 2005) ("While a state court may express its intent that a defendant's state sentence run concurrently with a previously imposed federal sentence, this intent is not binding on federal courts or the BOP.").

It is well established that a federal prisoner is not entitled to receive credit against a consecutive federal sentence for time served under the primary jurisdiction of a state authority, regardless of whether he was housed in a federal facility or a state facility. Title 18 U.S.C. § 3585(b) provides that prior custody credit cannot be granted if the prisoner has received credit towards another sentence. The general rule is that no credit is applied to a federal sentence if credit has been given for the same period of custody toward a state sentence. *See Wilson*, 503 U.S. at 333-35 ("Congress has made clear that a defendant could not receive double credit for his detention time.").

As BOP personnel at its Designation and Sentence Computation Center ("DSCC") explained to Chappell's attorney Jonathan S. Ricketts by letter dated March 8, 2007, the Commonwealth of Kentucky awarded Chappell credit for a total of 210 days on his state sentence imposed on July 3, 2000, for the following periods of time: (1) from his initial arrest on December 6, 1999, through July 2, 2000, and (2) from October 15, 2000, the date Chappell was erroneously released by the KDOC to federal authorities and transferred to FCI-Manchester, until February 7, 2001, the date he was returned to the KDOC after the BOP determined that Chappell had been prematurely released from his state sentence. *See Alonzo Chappell v. U.S. Bureau of Prisons*, Civil No. 07-cv-412-KKC (E.D. Ky.) (Record No. 12, Attach. 3 at 9-10).

Consequently, the Kentucky state court judgments directing that Chappell's state sentences run concurrently with his federal sentence are not binding. The federal sentence was not running at that time. Additionally, since Chappell's federal sentence was, as a matter of law, a consecutive sentence that would commence after Chappell completed service of his state sentences, the BOP had no reason to consider Chappell's request for a *nunc pro tunc* designation.

Chappell's claim that he is entitled to credit on his federal sentence from July 3, 2000, through November 4, 2004, is premised on a faulty foundation. First, he asserts that he was in federal custody on March 28, 2000, when he pled guilty to the federal charges, and when he was sentenced on the federal charges on July 3, 2000. Chappell fails to understand that his removal from state custody on a federal writ of habeas corpus ad prosequendum did not operate to transfer him from state custody to federal custody. As previously explained herein, being "borrowed" from state custody on such a writ for court appearances in federal court does not transfer one to federal custody.

Second, Chappell notes that when he was sentenced in federal court on July 3, 2000, the district court remanded him to the custody of the U.S. Marshal, presumably to transport him to the BOP for service of his federal sentence, but that the U.S. Marshal transported him instead to the state jail, and he was subsequently sentenced on the state court charges. Chappell implies that the U.S. Marshal erroneously transported him back to state custody. Contrary to Chappell's implication, because Chappell was in state custody at the time his federal sentence was imposed, the U.S. Marshal properly transported him back to the Jefferson County Jail at the conclusion of his federal sentencing hearing.

Third, Chappell is of the mistaken belief that when the KDOC prematurely released him from state custody on October 15, 2000, to the U.S. Marshall on the federal detainer, he is entitled to credit on his federal sentence for all of the time he spent at FCI-Manchester until the KDOC's error was discovered and he was transferred back to the KDOC for continued service of his state sentence. This argument would have merit were it not for the fact that Kentucky awarded him credit on his state sentence for the period of time from October 15, 2000, the date he was prematurely released from state custody, until February 7, 2001, the date he was returned to the KDOC. Even though Chappell was physically incarcerated at FCI-Manchester during this period of time, he nevertheless received credit on his state sentence. Therefore, he is not also entitled to federal sentencing credit, as such is prohibited by 18 U.S.C. § 3585(b).

## IV.

For the foregoing reasons, Chappell's habeas petition filed pursuant to 28 U.S.C. § 2241 is without merit. Accordingly, **IT IS HEREBY ORDERED** that:

1.     The petition filed by Alonzo Chappell for a for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2] is **DENIED**;

2.  This action will be **DISMISSED** and **STRICKEN** from the active docket; and

3.  Judgment shall be entered contemporaneously with this Order in favor of Warden

Karen F. Hogsten, the named Respondent.

This the 14th day of July, 2011.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**